# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOHN H. COOLEY, II** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO: 11-455** |
| **N. BURL CAIN, WARDEN** | * | **SECTION: "F"(6)** |

## <u>REPORT AND RECOMMENDATION</u>

This matter was referred to the United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to Title 28, United States Code, Sections 636(b)(1)(B) and (C), and, as applicable, Rule 8(b) of the Rules Governing Section 2254 cases. Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing. For the following reasons, it is

hereby recommended that the instant petition be **DISMISSED WITH PREJUDICE** as untimely.

Procedural Background

Petitioner, John H. Cooley, II, is a state prisoner incarcerated in the Louisiana State Penitentiary in Angola, Louisiana. Cooley was convicted by a jury on October 30, 2003 in the 22nd Judicial District Court for the Parish of St. Tammany.[1] He was subsequently adjudicated a second felony offender and sentenced to serve a fifty year sentence, without benefit of parole, probation or suspension of sentence, for one count of armed robbery; a twenty-five year sentence without benefit of parole, probation or suspension of sentence, for one count of attempted armed robbery; and, a two year sentence on one count of aggravated flight from an officer. All sentences were ordered to run concurrently.[2] Cooley timely appealed and the First Circuit Court of Appeal affirmed his convictions and sentences on March 29, 2006. *State v. Cooley*, 925 So.2d 776 (La. App. 1st Cir 3/29/06).[3] A subsequent request for a writ of certiorari/review to the Louisiana Supreme Court was denied on March

---

[1]See Verdict, State Rec. vol. 1 of 8.

[2]See State Rec. vol. 4 of 8, Sentencing Transcript dated 10/18/04 at pp. 40-42.

[3]A copy of this decision can be found in State Rec. vol. 5 of 8.

16, 2007. *State ex rel. Cooley, II v. State*, 952 So.2d 690 (La. 3/16/07).[4] Petitioner did not

file for review with the U.S. Supreme Court.

On June 26, 2008, Cooley, with counsel Keith Couture, filed a post-conviction

application for relief (PCR) in the state district court. On December 16, 2009, the district

court denied the PCR.[5] The First Circuit Court of Appeal denied the application for

supervisory review on April 26, 2010 (Writ No. 2010-KW-0297). Petitioner's request for

review of this ruling before the Louisiana Supreme Court was denied on February 4, 2011

and reconsideration was denied on April 8, 2011.[6] Although not pertinent to the time-bar

analysis conducted herein, Cooley also signed and dated a second *pro se* PCR on January 18,

2011, which was filed with the state court on January 25, 2011.[7] Said PCR was denied by

the district court on March 30, 2011, as untimely and repetitive.[8] Petitioner indicates that the

---

[4]It appears that the writ filed with the Louisiana Supreme Court may have been untimely as it was post-marked on May 1, 2006 and stamped as "filed" on June 14, 2006, more than thirty days after the First Circuit had affirmed Cooley's conviction on March 29, 2006. (See State Rec. vol. 5 of 8, which contains a letter from the Louisiana Supreme Court confirming receipt of the writ on this date.) However, the State does not make this argument to the court nor can a copy of the petitioner's application for writs to the Louisiana Supreme Court be located in the record . Thus, the court assumes that petitioner's direct appeal and review of that appeal were both timely filed for purpose of this analysis.

[5]A copy of this decision can be located in State Rec. vol. 5 0f 8.

[6]*See State v. Cooley*, 56 So.3d 989 (La. 2/4/11)(2010-KP-1209) and *State v. Cooley*, 61 So.3d 673 (La 4/8/11)(2010-KP-1209), respectively. The post-conviction application was denied review on the basis that it was time-barred pursuant to La. R.S. 930.8. See State Rec. vol. 5 of 8.

[7]A copy of which can be located in State Rec. vol. 7 of 8.

[8]A copy of which can be located in State Rec. vol. 5 of 8.

Louisiana First Circuit denied writs on April 29, 2011 and that a writ of review is currently

pending before the Louisiana Supreme Court.[9]

Petitioner signed and dated, thus presumptively filing his federal habeas petition on

January 31, 2011.[10] He raises the following claims: 1) The trial court abused its discretion

in denying a motion to sever the counts in the bill of information; 2) trial court erred in

denying a motion to quash and/or motion in arrest of judgment for failure to provide a speedy

trial; 3) trial court erred in denying motion to compel an available witness or to certify the

witness as material; 4) the evidence was insufficient in that there was improper identification

of the defendant and trial court erred in denying the motion to suppress identification; 5) the

trial court erred in allowing the state to elicit responses from petitioner about a second gun

found in the trunk of the car; 6) ineffective assistance of counsel for failing to conduct proper

pre-trial investigation and request appropriate jury instructions; 7) petitioner's continued

---

[9]See Fed. Doc. 13 at p. 3-4.

[10]Under the prison mailbox rule applied by the U.S. Fifth Circuit Court of Appeals, Cooley's *pro se* petition would be deemed filed as of the date he placed it in the prison mail system. *Hernandez v. Thaler*, 630 F.3d 420 (5th Cir. 2011), citing *Stoot v. Cain*, 570 F.3d 669, 671 (5th Cir. 2009)(per curiam). Generally, the date a prisoner signs his petition is presumed to be the date he delivered it to prison officials for mailing. *See Colarte v. LeBlanc*, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned his habeas corpus application over to prison officials for delivery to this Court on the date he signed his application); *Magee v. Cain*, 2000 WL 1023423, *4 n.2 (E.D. La. 2000) (inferred that filing date and signature date of habeas petition were the same); *Punch v. State*, 1999 WL 56279, *2 n.3 (E.D. La. 1999) (may reasonably be inferred that prisoner delivered habeas petition to prison officials for mailing on date he signed petition). The actual "stamped as filed" date on the petition was February 9, 2011 (See Fed. Rec. Doc. 2).

incarceration violates due process as the state's determination of his claims are an unreasonable application of clearly established federal law to the facts of his case; 8) the state court's determination that petitioner's trial attorney provided effective representation was an unreasonable application of clearly established federal law.

The State responds that petitioner is untimely in bringing his federal habeas petition. For the following reasons, this court agrees with the state's argument and finds Cooley's federal habeas petition is time-barred from federal review.

### Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his habeas corpus claims pursuant to 28 U.S.C. §2254, with this one year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of the time for seeking review. *See* 28 U.S.C. § 2244(d)(1)(A) (West 2011), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220. In this case, Cooley's conviction became final, for federal limitations purposes, on June 14, 2007, after the 90 day deadline had passed for filing a writ of certiorari with the U.S. Supreme Court. *See* Sup.Ct.R. 13(1); see also *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099, 120 S.Ct. 1834, 146 L.Ed.2d 777 (2000); *Habteselassie v. Novak*, 209 F.3d 1208, 1209 (10th Cir. 2000); *Harris v. Hutchinson*, 209 F.3d 325, 328 n.1 (4th Cir. 2000). Accordingly, the court finds that Cooley's one year limitation period

commenced to run on June 14, 2007. Under a plain reading of the statute, Cooley then had one year within which to file his federal habeas petition, or a deadline of June 16, 2008.[11] Cooley did not file his federal habeas petition with this court until January 31, 2011.[12] Thus, his challenge to his 2003 conviction must be dismissed as untimely, unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. § 2244(d)(2). Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

As the previously mentioned procedural history indicates, Cooley filed his first state post-conviction application on June 26, 2008 through counsel, Keith Couture, thus allowing 378 days to pass since the date his conviction was final.[13] His state petition was, therefore, filed 13 days too late to toll the federal limitations period since it was filed after the limitations period had expired. The result is that Cooley is time-barred from filing his federal habeas petition unless he is entitled to equitable tolling.

The Supreme Court recently stated, consistent with U.S. Fifth Circuit precedent, that "the timeliness provision in the federal habeas corpus statute is subject to

---

[11]Since the one year deadline expired on a weekend, petitioner's habeas application should have been filed by Monday, June 16, 2008.

[12]See footnote 4, herein.

[13]A copy of the application can be located in State Rec. vol. 7 of 8.

equitable tolling." *Holland v. Florida*, ––– U.S. ––––, ––––, 130 S.Ct. 2549, 2554, 177 L.Ed.2d 130 (2010). In doing so, it adopted the established standard for determining whether equitable tolling applies: "[T]hat a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)). See also, *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999). "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). "In order for equitable tolling to apply, the applicant must diligently pursue his §2254 relief." *Id.* Moreover, the petitioner bears the burden of establishing entitlement to equitable tolling in the AEDPA context. *Philips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). What constitutes an "extraordinary circumstance" necessarily involves a "fact-intensive" inquiry. *Holland*, 130 S.Ct. at 2565.

In this instance, petitioner has made no specific argument in favor of equitable tolling. However, petitioner does contend that he filed his state post-conviction application

with the state district court on June 13, 2008 rather than the June 26th, 2008 date relied upon

by the State in its response and by this court in its analysis. Review of the state court record

shows that on June 13, 2008, petitioner, *pro se*, attempted to submit a "Uniform Application

for Post Conviction Relief" to the state district court but the application was rejected.

According to correspondence sent to petitioner by the Deputy Clerk of the 22nd Judicial

District Court, Judge Larry J. Green returned the post-conviction application due to

petitioner's "failure to attach sentencing documents and [provide] a notarized signature" on

the petition.[14] However, tolling of the federal limitation period only occurs when a "properly

filed application for State post-conviction or other collateral review with respect to the

pertinent judgment or claim is pending". *See* 28 U.S.C. §2244(d)(2). Cooley's post-

conviction application (PCR) was not "properly filed" as it was submitted without signature

or being sworn before a notary.[15]  Although this deficiency was not present when Attorney

Couture filed a PCR on Cooley's behalf on June 26, 2008, this properly filed PCR was filed

too late to toll the limitation period. Although Cooley was *pro se* at the time he attempted to

---

[14]See June 18, 2008 correspondence at State Rec. vol 5 of 8. See also note in court file dated June 17, 2008, requesting that the deputy clerk return the application to petitioner due to his "failure to attach sentencing documents" and because the petition was "not signed by Mr. Cooley or sworn before a notary."

[15]In *Artuz v. Bennett*, the U.S. Supreme Court ruled that a "properly filed" post-conviction application requires that delivery and acceptance of the application be in compliance with the applicable laws and rules governing such state filings.  *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 364, 148 L.Ed.2d 213 (2000). *See also*, *Emerson v. Johnson*, 243 F.3d 931, 933 (5th Cir. 2001)(State habeas application not properly filed "unless it complies with all mandatory state-law procedural requirements that would bar review of the merits of the application.")

file his first PCR, his ignorance of or disregard for the state's procedural requirements is insufficient to excuse his error. Failure to comply with the state's rules for filing a PCR does not justify equitable tolling. Equitable tolling for such a reason would "characterize as 'rare and exceptional' those circumstances that countless other prisoners could claim as their own." *Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir.2000), *cert. denied*, 531 U.S. 1035, 121 S.Ct. 622, 148 L.Ed.2d 532 (2000).

## RECOMMENDATION

Based upon the analysis above, the court finds no basis for applying equitable tolling to petitioner's federal habeas application. Therefore, IT IS HEREBY RECOMMENDED that the petition for federal *habeas corpus* relief filed by John Cooley be **DISMISSED WITH PREJUDICE AS UNTIMELY**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except

upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual

findings and legal conclusions accepted by the district court, provided that the party has been

served with notice that such consequences will result from a failure to object. *Douglass v.

United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)(en banc). [16]

New Orleans, Louisiana, this 3rd day of February, 2012.

_____
LOUIS MOORE, JR.
UNITED STATES MAGISTRATE JUDGE

---

[16]*Douglas* referenced the previously applicable ten-day period for the filing of objections.
Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to
fourteen days.